IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM I. MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 15-458-CG-C |
| | ) |
| QUINCY COMPRESSOR, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant's motion to strike paragraph 5.8 from Plaintiff's Complaint (Doc. 8), Plaintiff's opposition thereto (Doc. 15), and Defendant's reply (Doc. 16).  For the reasons stated below, the Court finds that the motion should be granted.

Defendant moves to strike an allegation in the complaint under Rule 408(a) because it refers to settlement negotiations.  The allegation Defendant objects to states that an attorney offered Plaintiff $1400.00 on December 11, 2014. (Doc. 1, p. 2).  "By its terms, Rule 408 precludes the admission of evidence concerning an offer to compromise 'a claim' for the purpose of proving (or disproving) the fact or amount of 'the claim.' " Armstrong v. HRB Royalty, Inc., 392 F.Supp.2d 1302, 1304 (S.D. Ala. 2005).  "This rule is designed to encourage settlements by fostering free and full discussion of the issues." Ramada Dev. Co. v. Rauch, 644 F.2d 1097, 1106 (5th Cir. 1981).

Plaintiff argues that the statement should not be stricken because the parties

had not executed a written agreement to mediate and have not signed a confidentiality agreement. However, the language of Rule 408(a) is broad and does not limit its application to negotiations conducted pursuant to a written mediation or confidentiality agreement. The test in this Circuit[1] to determine whether statements fall within Rule 408 is "whether the statements or conduct were intended to be part of the negotiations toward compromise.'" Blu–J, Inc. v. Kemper C.P.A. Group, 916 F.2d 637, 642 (11th Cir. 1990) (quoting Ramada Dev. Co., 644 F.2d at 1106). The statement or conduct at issue here was clearly intended to be part of negotiations toward compromise and the only purpose for which it could be offered is to prove the fact or amount of the claim. Accordingly, the Court finds it appropriate to strike the statement.

## CONCLUSION

Fort the reasons stated above, Defendant's motion to strike paragraph 5.8 from Plaintiff's Complaint (Doc. 8), is **GRANTED** and the statement is hereby **STRICKEN**.

**DONE** and **ORDERED** this 7th day of March, 2016.

/s/ Callie V. S. Granade
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] In opposition Plaintiff cites an unreported Massachusetts case that states that a written agreement is required for MASS. GEN LAWS ANN. 233 § 23C, which makes certain communications with a mediator inadmissible, to apply. White v. Holton, 1993 WL 818800, at *4 (Mass. Super. Oct. 4, 1993). The White case and the laws of Massachusetts do not apply to the instant case.